IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| YAT HO WONG, #150751 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22cv61 |
| | § | |
| LISA BRONCHETTI, ET AL. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Yat Ho Wong filed the above-styled and numbered complaint pursuant to 42 U.S.C. § 1983. The complaint was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

Plaintiff filed the instant lawsuit against Collin County Magistrate Judge Lisa Bronchetti, Collin County Clerk Stacey Kemp, and Collin County Detention Facility. (Dkt. #1). This Report and Recommendation concerns only the claims against Defendant Magistrate Judge Lisa Bronchetti. Plaintiff is suing Judge Bronchetti for monetary damages for allegedly violating his constitutional rights.

**DISCUSSION**

Plaintiff claims Judge Bronchetti violated his constitutional rights when she: (1) "found probable cause under color of law to unlawfully detain [Plaintiff]"; (2) "conducted arraignment, proceedings that violates [Plaintiff's] procedure of Due Process rights, under the Fifth and Fourteenth Amendment Clauses, denying timely notice and opportunity to [be] heard, and a neutral decision maker, and trier of facts and law, before depriving [Plaintiff's] rights to life and liberty with false imprisonment at the Collin County Detention Facility"; and (3) "found probable cause

1

under color of law to charge [Plaintiff], without contract or consent to contract with the State of Texas, also known as the prosecutor Emily Pratt." (Dkt. #1, p. 4; Dkt. #1-1, p. 3).

Judges have absolute immunity for their decisions as judges and all acts performed in the exercise of judicial functions, no matter the alleged magnitude or mendacity of the acts. *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 356-57 (citations omitted); *see also Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) ("Judges are immune from damage claims arising out of acts performed in the exercise of their judicial functions, even when the judge is accused of acting maliciously."). Lawsuits for monetary relief brought against judicial officers may be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(2). *See Perez v. United States*, 481 F. App'x 203, 206 (5th Cir. 2012).

All the acts by Judge Bronchetti of which Plaintiff complains were taken in the course of the criminal proceedings against Plaintiff; thus, Judge Bronchetti had at least some subject matter jurisdiction. *See Lewis v. City of Waxahachie*, 465 F. App'x 383, 384-85 (5th Cir. 2012); *Adams v. McIlhany*, 764 F.2d 294, 298 (5th Cir. 1985); *see also Davis v. Bayless*, 70 F.3d 367, 373 (5th Cir. 1995) (noting the proper issue "is not whether the judge actually had jurisdiction, or even whether the court exceeded its jurisdictional authority, but whether the challenged actions were obviously taken outside the scope of the judge's power.") (citing *Stump*, 435 U.S. at 357). Accordingly, all claims in this action should be dismissed with prejudice against Judge Bronchetti for all purposes pursuant to 28 U.S.C. § 1915A(b)(2).[1]

---

[1] Although Plaintiff is not proceeding *in forma pauperis*, as a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin*

2

## RECOMMENDATION

It is recommended that all claims be dismissed against Defendant Magistrate Judge Lisa Bronchetti with prejudice.[2]

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 27th day of July, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE

---

*v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam) (holding that § 1915A screening applies regardless of whether the prisoner is or is not proceeding *in forma pauperis*).

[2] The Court is not recommending dismissal of the claims against Defendants Collin County Clerk Stacey Kemp and Collin County Detention Facility at this time, and, therefore, does not include a discussion of these claims in this Report and Recommendation. The fact that the Court does not recommend dismissal of claims against these Defendants at this time, however, does not mean the Court has concluded the claims are viable.